

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,709-01

### EX PARTE ADRIAN AGUILAR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1370058-A IN THE 174TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

A jury convicted Applicant of murder and assessed a 99-year prison sentence. The appellate court affirmed. *Aguilar v. State*, No. 01-15-00972-CR (Tex. App.—Houston [1st Dist.] del. Aug. 24, 2017). This Court refused Applicant's petition for discretionary review. *Aguilar v. State*, No. PD-1059-17 (Nov. 13, 2017). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. In ten grounds, Applicant argues he was denied due process, he received ineffective assistance of trial and appellate counsel, he is actually innocent, and the State engaged misconduct.

Applicant had typed grounds six to ten on a blank page of paper rather than use an unfilled page from the pre-printed form application. The State provided findings the trial court signed

recommending dismissal due to non-compliance. A few days before the trial court signed the findings, Applicant had filed an amended habeas application correcting the alleged pleading error. It appears that the claims in both applications are identical.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Brady v. Maryland*, 373 U.S. 83 (1963); *Ex parte Elizondo*, 947 S.W.2d 202, 205 (Tex.Crim.App. 1996). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial and appellate counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law resolving the disputed factual issues. The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: June 16, 2021
Do not publish